11th Court of Appeals
Eastland, Texas
Opinion
 
Johnny Ray Taylor 
            Appellant
Vs.            No. 11-04-00080-CR -- Appeal from Midland County
State of Texas 
            Appellee
 
            The jury convicted appellant of the third degree felony offense of assault of a member of
appellant’s household. TEX. PEN. CODE ANN. § 22.01 (Vernon Supp. 2004 - 2005). The trial
court assessed punishment at seven years confinement. We affirm.
Issues Presented
            Appellant presents four points of error for review. In his first point of error, appellant argues
that the evidence was legally and factually insufficient to support his conviction. Specifically,
appellant contends that the evidence was legally and factually insufficient to establish that the victim
was a member of his household. In his second point of error, appellant argues that a mistake of fact
– his mistaken belief that the victim was not a member of his household – negated the criminal
culpability required for the commission of the offense. In his third point of error, appellant contends
that the State made improper jury argument in vouching for the credibility of the State’s witnesses. 
In his fourth point of error, appellant contends that the trial court erred in allowing evidence of
extraneous conduct committed by appellant.
Background Facts
            Section 22.01(a)(1) of the Penal Code provides that a person commits the offense of assault
if the person “intentionally, knowingly, or recklessly causes bodily injury to another.” Section
22.01(b)(2) provides that an offense under Section 22.01(a)(1) is a third degree felony when the
offense is committed against a member of the defendant’s family or household and the State proves
that the defendant has been previously convicted of such an offense. Section 22.01(e)(2) provides
that the term “[h]ousehold” has the meaning assigned by TEX. FAM. CODE ANN. § 71.005
(Vernon 2002). Section 71.005 of the Family Code defines a “[h]ousehold” as a unit composed of
persons living together in the same dwelling, without regard to whether they are related to each other.
            The indictment alleged that appellant, on or about August 17, 2003, intentionally and
knowingly caused bodily injury to Melina Talley a/k/a Melina Fuentes by punching and hitting her
in the chest with his fist and choking her with his hands. The indictment also alleged that Fuentes
was a member of appellant’s family and household. The indictment further alleged that appellant
had been previously convicted of an offense against a member of his family and household.
 Sufficiency of the Evidence
            Appellant contends that the evidence was legally and factually insufficient to establish that 
he and Fuentes were members of the same household. In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000). In order to determine if the evidence is factually sufficient, we must review all
of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak
that the verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the verdict
is so strong that the beyond-a-reasonable-doubt burden of proof could not have been met. Zuniga
v. State, 144 S.W.3d 477 (Tex.Cr.App.2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004);
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). We review the fact
finder’s weighing of the evidence and cannot substitute our judgment for that of the fact finder. Cain
v. State, supra; Clewis v. State, supra. The fact finder is the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Adelman v. State, 828 S.W.2d 418, 421
(Tex.Cr.App.1992). The fact finder may choose to believe or disbelieve all or any part of any
witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.Cr.App.1986), cert. den’d, 488 U.S.
872 (1988).
            Fuentes testified about her relationship with appellant. She said that she and appellant started
dating in June 2003. In July 2003, appellant moved into her apartment with her in Odessa. She said
that appellant spent nights at her apartment and kept his personal belongings at her apartment.
Fuentes said that she moved to the Cornerstone Village Condominiums in Midland on August 1,
2003. Fuentes listed appellant as an occupant of the apartment on the lease. Appellant was in the
Midland County Jail, on August 1, 2003. Fuentes testified that appellant got out of jail on or about
August 10, 2003. She said that appellant moved into her apartment with her. She considered
appellant as a member of her household. Appellant had a key to the apartment. Fuentes said that
appellant kept all of his clothes and toiletries at the apartment and that he also had personal pictures
there. Fuentes also said that appellant slept in the same bed with her every night. Appellant
assaulted Fuentes on August 17, 2003. Fuentes said that appellant was living with her at the time
of the assault. 
            Donna Everett, a friend of Fuentes, testified that appellant and Fuentes shared the apartment
at Cornerstone Village Condominiums. She said that appellant stayed at the apartment and had his
belongings there.
            Appellant testified that he was not living with Fuentes on August 17, 2003. Appellant said
that he spent the night with Fuentes at her apartment from August 12, 2003, through August 16,
2003. He said that he had some of his clothes at Fuentes’s apartment but that he was living with his
brother. When he was arrested for the assault, appellant gave his address as 3101 North Midland
Drive, Number 406, the address of Fuentes’s apartment.
            The evidence was legally and factually sufficient to establish that Fuentes was a member of
appellant’s household at the time of the assault. See Word v. State, No. 11-03-00403-CR, 2005 WL
994690 (Tex.App - Eastland, April 28, 2005)(not designated for publication). The jury was free to
believe Fuentes’s testimony that appellant lived with her and to disbelieve appellant’s testimony that
he did not live with her. Sharp v. State, supra at 614. Additionally, appellant listed Fuentes’s
address as his address. Appellant’s first point of error is overruled.
Mistake of Fact 
            Appellant contends that a mistake of fact negated the kind of culpability required for the
commission of the offense. It is a defense to prosecution that the actor through mistake formed a
reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required
for the commission of the offense. TEX. PEN. CODE ANN. § 8.02(a) (Vernon 2003). 
            Appellant contends that he mistakenly had some of his belongings at Fuentes’s apartment and
was attempting to take them to his brother’s residence where he was living. Appellant’s claimed
mistake deals with whether he and Fuentes were members of the same household and, if so, whether
he knew that they were members of the household. However, the State was not required to prove
that appellant knew that he and Fuentes were members of the same household or that he intended
to be a member of a household with Fuentes. Rather, to prove the criminal culpability required for
the offense, the State had to prove that appellant intentionally and knowingly caused bodily injury
to Fuentes. Thus, the kind of mistake alleged by appellant does not negate the kind of culpability
required for the commission of the offense. Appellant’s second point of error is overruled.
Jury Argument
            Appellant did not object to the jury argument at trial. To preserve a complaint for appellate
review, a party must make a timely request, objection, or motion in the trial court with sufficient
specificity to make the trial court aware of the complaint. TEX.R.APP.P. 33.1(a)(1)(A). Therefore,
appellant failed to preserve this issue for appellate review. Appellant’s third point of error is
overruled.
Extraneous Conduct
            Appellant complains that the trial court allowed the State to introduce evidence of extraneous
conduct over objection of appellant’s counsel. Appellant has not made any record cites in support
of his fourth point of error. TEX.R.APP.P. 38.1(h) requires that a brief “contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the record.” 
Moreover, the record does not demonstrate that the trial court erred. Appellant’s fourth point of error
is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                  
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
June 16, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.